FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREG PARKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SPOKANE TRANSIT AUTHORITY, a municipal corporation; and ANITA TEAGUE, individually,<br><br>　　　　　　Defendants. | NO: 2:17-CV-435-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT, without oral argument, is Plaintiff Greg Parker's motion to remand, ECF No. 7. Having reviewed the parties' briefing,[1] and for the reasons that follow, the Court grants the motion to remand.

## BACKGROUND

Mr. Parker originally filed this action against Defendants Spokane Transit Authority and Anita Teague for employment discrimination in Spokane County Superior Court on October 27, 2017. Plaintiff stated four causes of action in his

---

[1] Plaintiff did not file a reply memorandum.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

complaint: (1) discrimination based on sexual orientation under the Washington Law Against Discrimination ("WLAD"), chapter 49.60, Revised Code of Washington ("RCW"); (2) unlawful retaliation; (3) breach of contract; and (4) violation of public policy. With respect to Plaintiff's claim for damages based on unlawful retaliation, Plaintiff alleged:

> Defendants retaliated against Plaintiff for being a member of the Union, for filing claims for discrimination and/or workplace safety with the Department of Labor and Industries, [Occupational Safety and Health Administration ("OSHA")] and [Equal Employment Opportunity Commission ("EEOC")] by treating him in a hostile manner and by terminating his employment.

ECF No. 1-2 at 5.

Plaintiff maintains that all four claims arise under Washington law, and, therefore, this Court lacks jurisdiction to hear the case. Defendants counter that Plaintiff's retaliation claim exists under federal law (Title VII) rather than under Washington law, which does not protect against retaliation for "filing an OSHA complaint or EEOC charge that seeks recovery for alleged adverse treatment apart from discharge from employment." ECF No. 9 at 6.

## LEGAL STANDARD

An action filed in state court may be removed to the federal district court embracing the place where the action is pending when the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). A plaintiff may challenge removal by moving for remand. 28 U.S.C. § 1447(c); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

remand from federal to state court is sought based on lack of subject matter jurisdiction, the party opposing remand bears the burden of demonstrating that the matter is properly before the federal court. *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied*, 484 U.S. 850 (1987). Removal statutes are strictly construed; any doubt as to the propriety of removal should be resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

Federal question jurisdiction rests on "a claim or right arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). To support federal jurisdiction under the well-pleaded complaint rule, the complaint must present a federal question on its face. *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). When a plaintiff has not pleaded a federal cause of action on the face of the complaint, the court must assess whether he has artfully pleaded a state law cause of action that necessarily arises under federal law. *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

## ANALYSIS

*Remand*

The dispositive question for purposes of remand is whether Plaintiff necessarily relies on a violation of federal law to succeed on his claim for unlawful retaliation. *See Lippitt*, 340 F.3d at 1043.

Defendants argue that Plaintiff's unlawful retaliation cause of action cannot be interpreted as a state common law tort claim because disciplinary action or harassment less severe than termination is not remediable under Washington law. *See* ECF No. 9 at 6–7.

However, Defendants do not address whether Plaintiff may have pleaded a retaliation claim under WLAD, which prohibits an employer from retaliating "against an employee for opposing the employer's discriminatory practices or for filing a discrimination claim against an employer." *Bailey v. Kent Sch. Dist.*, 2016 Wash. App. LEXIS 1125 *22 (Wash. App. Div. 1, May 16, 2016) (citing RCW 49.60.210(1)); *see also Kumar v. Gate Gourmet*, 180 Wn.2d 481, 491 (Wash. 2014) ("Where [the Washington Supreme Court] has departed from federal antidiscrimination statute precedent, however, it has almost always ruled that the WLAD provides greater employee protections than its federal counterparts."). To proceed with a WLAD retaliation claim, a plaintiff must make a prima facie showing that: (1) he engaged in a statutorily protected activity; (2) his employer took some adverse action against him; and (3) there is a causal link between the protected

activity and the adverse action. *Lodis v. Corbis Holdings, Inc.*, 172 Wn. App. 835, 846 (Wash. App. Div. 1 2013); *see also Bailey*, 2016 Wash. App. LEXIS 1125 *24 (finding that requesting an accommodation and filing an EEOC claim qualified as "protected activity").

Plaintiff maintains that all of his claims arise out of WLAD and state common law, and Defendants have not met their burden of showing that Plaintiff's retaliation claim "necessarily" arises out of federal law when Plaintiff's initial pleading appears to be compatible with the retaliation cause of action under WLAD. *See Lippitt*, 340 F.3d at 1043. Therefore, the Court finds no federal question presented on the face of Plaintiff's complaint and remands to state court for lack of subject matter jurisdiction.

***Attorneys' Fees***

Plaintiff also seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), authorizing, in the Court's discretion, an award of the expenses incurred as a result of removal when a case is remanded to state court. The applicable standard is whether "the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although Defendants failed to meet their burden of satisfying the strict removal standard, the Court cannot determine that Defendants lacked an objectively reasonable basis for removal. Accordingly, the Court declines to award fees under section 1447(c).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand, **ECF No. 7**, is **GRANTED**.

2. This matter is remanded to Spokane County Superior Court.

3. The Court denies Plaintiff's request for attorneys' fees and costs.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** March 29, 2018.

                              *s/ Rosanna Malouf Peterson*
                             ROSANNA MALOUF PETERSON
                               United States District Judge